

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2007

# In Re D'Amario

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1768

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re D'Amario " (2007). *2007 Decisions.* Paper 1004.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1004

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-210                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1768
_____

IN RE: ARTHUR D'AMARIO III,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 06-cr-00112)
_____

Submitted Under Rule 21, Fed. R. App. P.
April 26, 2007

Before:  RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed : June 5, 2007)
_____

OPINION
_____

PER CURIAM

    Arthur D'Amario has filed a petition for a writ of mandamus in which he requests

that we compel the District Court to (1) restore his jail credit; (2) enforce his attorney-

client and doctor-patient privileges as well as his Miranda rights; (3) cease disseminating

privileged information; and (4) stay all pending cases.  On March 26, 2007, D'Amario

was sentenced to eighty-four months in prison after being convicted of threatening to kill

a federal judge.  The requests in his mandamus petition arise from this conviction as well

as his prior convictions for firearm possession and threatening to kill a federal judge.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal; only if a direct appeal is unavailable will the court determine whether a writ of mandamus will issue. See In Re Ford Motor Co., 110 F.3d 954, 957 (1997).

D'Amario has not established that there are no alternative remedies for the relief that he seeks. The proper vehicle for a challenge to the computation of a jail credit is a petition filed pursuant to 28 U.S.C. § 2241.[1] A mandamus petition may, in certain cases, be an appropriate vehicle for challenging the disclosure of privileged information. Here, however, the information has already been disclosed, and D'Amario can challenge the admission of any privileged information on appeal or in a § 2255 motion. We note that D'Amario has filed a notice of appeal from his recent conviction and sentence.

D'Amario has also filed a motion to stay the publication of the District Court's March 26, 2007, opinion denying his motion for a new trial. He alleges that it contains

---

[1] D'Amario challenged the jail credit at issue in a prior case. See e.g. D'Amario v. Bailey, C.A. No. 00-2643 (3d Cir. July 30, 2001)(dismissing appeal of denial of § 2241 petition as moot).

quotations of confidential and privileged information. D'Amario does not point to any specific privileged information in the District Court's opinion.[2] To the extent that D'Amario is referring to his letter to his former attorney upon which his prior conviction for threatening to kill a federal judge was based, Op. at 10-11, we note that this letter has already been quoted in a published opinion of this Court. See United States v. D'Amario, 350 F.3d 348, 352 (3d Cir. 2003).

For the above reasons, we will deny the petition for a writ of mandamus. D'Amario's motion to stay the publication of the District Court's opinion is denied.

---

[2] The documents quoted in the District Court's opinion are (1) documents D'Amario filed with Judge Irenas, Op. at 2; (2) a "Notice of Intent to Injure" which D'Amario filed in the District Court for the District of Rhode Island, Op. at 13-14; and (3) a letter to the Rhode Island Attorney General's office. Op. at 13-14. D'Amario does not explain why these documents should be considered privileged or confidential.